## STEWART LIVESTOCK CO. v. OSTLER et al.

No. 6203. Decided August 14, 1940. (104 P. 2d 632.)

*J. T. Hammond, Jr.,* and *Elias Hansen,* both of Salt Lake City, for appellant.

*Moyle & Moyle,* of Salt Lake City, for respondents.

PRATT, Justice.

This is an appeal upon the judgment roll in a foreclosure suit. No evidence is before us. The salient facts as found by the lower court are these:

On October 16, 1920, the Stewart Livestock Company, plaintiff, and appellant herein, and J. S. Ostler, one of the defendants and respondents herein, entered into a written agreement. The Company agreed to sell and Ostler agreed to buy certain lands for $103,624.75. Included therein were tracts which for the sake of brevity we shall designate as Section 17 and 320 acres. The Company had a contract to buy the 320 acres from the State of Utah upon which there remained some $1,100 to be paid. By the terms of the agreement with Ostler, the Company was to complete this state

contract by October 15, 1925 and after acquiring title to the 320 acres convey it by warranty deed to Ostler, who in turn would execute a mortgage upon it and deliver the mortgage to the Company as additional security to the notes and mortgage hereinafter mentioned. The Company failed to complete the title to the 320 acres, and as a result defaulted upon this part of its written agreement with Ostler.

On May 1, 1921, Ostler paid $25,000 cash and delivered instalment notes and a mortgage upon the land, exclusive of the 320 acres, for the full amount of the balance of the purchase price. In other words, although the mortgage secured the full amount of the balance of the purchase price (which price included the price of the 320 acres) it did not include the 320 acres as security. Section 17 was included in the mortgage. As to this Section, respondents claim that in 1917 this property had been conveyed by appellant to one W. R. Torbet, and as a result it did not have good title to convey to Ostler.

At this point we note an error in the lower court's findings of fact. There is no finding that the lands were ever conveyed to Ostler. It is true he mortgaged them to the Company, thus inferentially the Company must have conveyed to him. But what specific lands were conveyed and by what kind of a conveyance does not appear. This becomes important in view of respondents' claim of a breach of warranty of title to Section 17—to have such a breach there must be an instrument showing a warranty. We cannot say from the findings whether or not there was any such instrument.

The note which forms the basis of this foreclosure suit is the last instalment note, all others having been paid. The balance remaining unpaid on this note is $3,357.17 with interest at $6\frac{1}{2}\%$ from May 1, 1930. Ostler refused to pay this balance for the following reasons, which he and the other respondents allege as a defense:

(a) Appellant's failure to convey good title to Section 17;

(b) appellant's failure to obtain title to and convey the 320 acres;

(c) appellant's failure to pay back taxes as agreed, resulting in the sale of Section 17 for taxes; and

(d) appellant's failure to furnish an abstract showing good title to the lands conveyed.

Appellant denies these defaults; claims another agreement whereby Ostler and Ostler Land & Livestock Company, another respondent, agreed to pay the amounts due and to become due for the 320 acres to the State of Utah and not the appellant; and finally, appellant raises the statute of limitations as a bar to respondents' defense. The lower court found against appellant and in favor of respondents, "no cause of action," and dismissed appellant's complaint. The lower court's theory was that of a failure of consideration for the note and mortgage, and that appellant had not proved that it was entitled to judgment.

The Ostler Land & Livestock Company was sued in this case as the present owner of the lands conveyed and mortgaged. The lower court found it to be the present owner, but made no finding as to who conveyed to it, when the conveyance was made, and what the nature of that conveyance was. We believe this to be an error for the following reasons: The three respondents, J. S. Ostler, the Ostler Land & Livestock Company, and the First National Bank, all joined in the one answer without any distinction in defenses being made as between them. They all three raised the defenses which, if available, might under certain circumstances be available only to the mortgagor; but not to his grantee or mortgagee—the Bank was sued as a claimant of an interest inferior to appellant. 19 R. C. L. 369, Sec. 140; Annotation 78 Am. Dec. 87; and Jones on Mortgages, 8th Ed., vol. 2, sec. 928 et seq. See also *Bruns-*

*wick Realty Co.* v. *Investment Co.*, 43 Utah 75, 134 P. 608. The findings of fact and judgment as rendered by the lower court assume, without finding facts to support it, that the same defense is available to all three. The complaint does not ask for a deficiency judgment; and, as the court found that the land was owned by the Livestock Company, J. S. Ostler's position as an active defendant and respondent in the case is rather nominal. The Livestock Company and the Bank are the parties really affected. The facts found should show the availability to them of the defenses they seek to have applied.

There is an allegation in the appellant's reply to the respondents' answer that the respondents are in possession of the property appellant agreed to convey to J. S. Ostler. The court made no finding upon this point, and yet, if the question of a breach of warranty is material to the case, such possession may be important. The question would then resolve itself into two issues: (1) Is a breach of warranty a dependent or an independent condition of the agreement; (2) Is eviction necessary before that breach may, if it may, be used as a defense to a foreclosure suit? 17 C. J. S., Contracts, § 342, 795 and following.

The lower court's findings are somewhat uncertain as to whether a breach of warranty as to Section 17 was relied upon, or whether the case was decided solely upon a failure to acquire title to and convey the 320 acres. There is some indication that the lower court's decision treated all four of respondents' objections as dependent conditions necessarily precedent to a recovery by appellant in foreclosure. We are of the opinion that the requirement of the payment of back taxes, and the requirement of the giving of an abstract showing good title are not conditions precedent to recovery upon the note and mortgage.

In the findings of fact, the lower court found that the value of Section 17 was $5,120. This does not quite equal

the balance due with interest upon the note and mortgage. The court made no finding as to the value of the 320 acres. We invite attention to these facts for the reason that respondents have alleged their defense not only as an affirmative defense, but as a set-off and a counterclaim. If the lower court was adopting the theory that set-off is applicable and assuming such values to be proper elements of damages, then the findings do not justify the conclusion reached. The respondents, however, ask only for cancellation of the note and mortgage upon the ground that they have been paid in full.

Appellant demurred to respondents' amended answer, on the ground that it does not state a defense to appellants cause of action. We are of the opinion the demurrer was well taken. The facts pleaded are not sufficient to show that the defense is available to any one of the defendants, quite aside from the question of whether it is available to all.

We have indicated the reasons, in our discussion above, about the errors in the findings of fact.

We might discuss the various propositions of law above, but if we did, we would have to assume various states of facts in order to bring out the principles applicable in each. This might result in a lengthy discussion of a state of facts which is not within the evidence of the case.

As its findings of fact do not support the lower court's judgment, they and the judgment are vacated and set aside. The case is remanded to the lower court with directions to grant a new trial, with permission to the parties to amend their pleadings to conform to their desires and the suggestions of this opinion.

Costs to appellant.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.